IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS AND ELECTRONICS, INC., | § § § § | |
| Plaintiff, | § § | No. 3:26-CV-1416-L-BW |
| v. | § § § | |
| APKUDO, INC., | § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## INITIAL SCHEDULING ORDER

### I.    Summary of Critical Deadlines and Dates

| | |
|---|---|
| Disclosure of Preliminary Contentions (¶ 4) | May 29, 2026 <br> July 10, 2026 |
| Joinder of Parties (¶ 3) | August 27, 2026 |
| Amended Pleadings (¶ 8) | August 27, 2026 |
| Proposed Claim Terms and Phrases for Construction (¶ 5) | September 4, 2026 |
| Preliminary Claim-constructions and Extrinsic Evidence (¶ 6) | Sepember 18, 2026 |
| Joint Disputed Claim Terms Chart and Prehearing Statement (¶ 7) | October 2, 2026 |
| Claim-Construction Briefs (¶ 9) | October 16, 2026 <br> October 30, 2026 |
| Joint Claim-construction Chart (¶ 10) | November 6, 2026 |
| Claim-construction (*Markman*) Hearing (¶11) | November 10, 2026 at 9:30 a.m. |
| Designation of Expert Witnesses on Non-Construction issues (¶ 12) | February 22, 2027 <br> March 22, 2027 |
| Fact Discovery Deadline (¶ 13) | February 1, 2027 |
| Mediation Deadline (¶ 15) | February 15, 2027 |

---

[1] United States District Judge Sam A. Lindsay referred this case to the undersigned magistrate judge for pretrial managements under 28 U.S.C. § 636(b).  (Dkt. No. 23.)

| Completion of Expert Discovery (¶ 13) | April 12, 2027 |
|---|---|
| Deadline for Objections to Experts (¶ 12(d)) | May 10, 2027 |
| Dispositive Motions (¶ 14) | May 10, 2027 |

## II.    Scheduling Instructions

Pursuant to Fed. R. Civ. P. 16(b) and the local rules of this Court (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case.  Unless otherwise ordered or modified by this order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

The Court has attempted to adhere to the schedule requested by the parties, where it is reasonable to do so.  For example, the Court does not believe it is reasonable to allow amendment of pleadings and joiner of parties on the final day of fact discovery, as proposed by the parties.  (*See* Dkt. No. 18 at 5.)  The Court assumes that the parties thoroughly discussed scheduling issues prior to submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.

1.    **Trial Date:**  The District Judge will set this case for trial by separate order after all dispositive motions have been decided.  The pretrial order will establish trial-related deadlines, including a deadline for submitting witness lists, exhibit lists, deposition excerpts, and proposed jury instructions.  The parties must be ready for trial on two business days' notice at any time during the two-week period set by the District Judge, unless the Court specifies otherwise at the pretrial conference.

2.    **Initial Disclosures:** By agreement of the parties, initial disclosures were due May 15, 2026.  (*See* Dkt. No. 18 at 10.)

3.    **Joinder of Parties:**  By **August 27, 2026**, all motions requesting joinder of additional parties shall be filed.  Except when parties are joined by amendment, parties may be joined only upon motion to the Court.

4.    **Disclosure of Infringement and Non-infringement and/or Invalidity Contentions:** By **May 29, 2026**, each party alleging a claim of patent infringement must serve on all other parties its preliminary contentions and file notice of such service with the clerk.  *See* Miscellaneous Order No. 62, 3-1.  By **July 10, 2026**, each party opposing a claim of patent infringement must serve on all other parties its preliminary invalidity contentions and file notice of such service with the clerk.  *See* Miscellaneous Order No. 62, 3-3.

5.    **Proposed Claim Terms and Phrases for Construction:** By **September 4, 2026**, each party must simultaneously exchange a list of claim terms, phrases, or clauses that the party contends should be construed by the presiding judge and any claim element that the party contends should be governed by 35 U.S.C. § 112(f).  *See* Miscellaneous Order No. 62, 4-1.

6.    **Preliminary Claim-constructions and Extrinsic Evidence:** By **September 18, 2026**, the parties must simultaneously exchange a preliminary proposed construction for each claim, term, phrase, or clause that the parties collectively have identified for claim-construction purposes.  The parties must also identify each structure, act, or material corresponding to each claim element that the parties collectively contend is governed by 35 U.S.C. § 112(f).  *See* Miscellaneous Order No. 62, 4-2.

At this same time, the parties must also exchange a preliminary identification of extrinsic evidence.  The parties must identify each item of extrinsic evidence by production

- 3 -

number or produce a copy of any such item not previously produced. If a party plans to present the testimony of an expert witness as extrinsic evidence, the parties must also provide a brief description of the substance of the witness' proposed testimony.

7.  **Joint Disputed Claim Terms Chart and Prehearing Statement:** By **October 2, 2026**, the parties must complete and file a joint claim-construction and prehearing statement that contains the constructions of the terms on which the parties agree, each party's proposed claim-construction for each disputed claim, the anticipated length of time necessary for the claim-construction hearing, whether any party proposes to call witnesses at the claim-construction hearing, and a list of any other issues that might appropriately be taken up at a prehearing conference prior to the claim-construction hearing. *See* Miscellaneous Order No. 62, 4-3.

8.  **Amendment of Pleadings:** By **August 27, 2026**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. The amending party shall attach as an exhibit to an amended complaint a redlined version of the complaint specifying the new or altered portions. The deadline to file a response to an amended pleading is 3 weeks after the date the amended pleading is served, notwithstanding expiration of the amended-pleading deadline. Thereafter, a party may only amend the pleadings by leave of court, upon a showing of good cause.

9.  **Claim-construction Briefs:** By **October 16, 2026**, each party claiming patent infringement must serve and file a claim-construction brief and any evidence supporting its claim-construction. Each party opposing a claim of patent infringement may serve and file a responsive brief and supporting evidence by **October 30, 2026**. *See* Miscellaneous Order No. 62, 4-5.

10.     **Joint Claim-construction Chart:** By **November 6, 2026**, the parties must jointly submit a claim-construction chart as the Court may direct.  The chart must include a column listing the complete language of disputed claims and separate columns for each party's proposed construction of each disputed term as well as a blank column for this Court's construction.  *See* Miscellaneous Order No. 62, 4-5.

11.     **Claim-construction (*Markman*) Hearing:** On **November 10, 2026**, at 9:30 a.m., the magistrate judge will conduct a claim-construction hearing to the extent the parties or this Court believe a claim-construction hearing is necessary for construction of the claims at issue.  *See* Miscellaneous Order No. 62, 4-6.  The magistrate judge will render findings and conclusions within 7 weeks of the *Markman* hearing.

12.     **Designation of Expert Witnesses on Non-Construction Issues:**

   a.   **Initial Designation of Experts:** Unless otherwise stipulated or directed by order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before **February 22, 2027**.

   b.   **Responsive Designation of Experts:** Each party without the burden of proof on the issue subject to expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before **March 22, 2027**.

   c.   **Rebuttal Experts:**  If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within 21 days after the disclosure made by the other party.

   d.   **Challenges to Experts:**  Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed by no later than **May 10, 2027**.

13.     **Completion of Discovery:**  All fact discovery shall be **completed** by **February 1, 2027**.  By **April 12, 2027**, all discovery concerning expert witnesses shall be completed.

The parties may agree to extend these discovery deadlines, provided (a) the extension does not affect the trial setting, dispositive-motions deadline, or pretrial-submission dates; and (b) the parties give written notice of the extension to the Court.  A later discovery deadline will not be an excuse to delay the deadline to file dispositive motions.

The Court expects the parties to work in good faith to resolve discovery disputes. Any motion to compel discovery or for a protective order must be filed by the later of (1) 45 days prior to dispositive-motion deadline or (2) 15 days after the discovery response at issue was served or due to be served.  Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information (ESI) must be filed by three business days after discovery cut-off date.

By agreement of the parties (*see* Dkt. No. 18 at 9), fact witness depositions are limited to ten depositions per side, each one limited to seven hours.  A deposition of an individual who is noticed for deposition as a fact witness and is also designated as a corporate representative is limited to seven hours for the individual deposition and seven hours for the corporate deposition.  Each expert witness may be deposed up to seven hours for each report submitted on different issues.  Additional deposition time may be granted by agreement of the parties or on Court order for good cause shown.  Each party is limited to 50 requests for admission ("RFAs"), excluding RFAs relating solely to authentication, which are not limited and must be clearly noted as a "Request for Admission of Authenticity" and served separately from other RFAs within the limited number provided.

Any motion to quash or for protective order relating to a deposition that is filed less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be

filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or work-product protection in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information before production.

Under Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

14.     **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be filed by **May 10, 2027**. Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 50 pages in length, excluding any table of contents and table

of authorities.  *See* N.D. Tex. L. Civ. R. 56.3, 56.5(b).  The party filing a dispositive motion must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket.

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix.  The appendix must be numbered sequentially from the first page through the last and include an index of all documents included.  An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page.  *See* N.D. Tex. L. Civ. R. 56.6.  The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.  No party may file more than one motion for summary judgment without leave of court.  *See* N.D. Tex. L. Civ. R. 56.2(b).

The Court's rule provide for the submission of a motion, response, and reply.  *See* N.D. Tex. L. Civ. Rs 7.1, 56.1.  No supplemental pleadings, briefs, summary judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court.  *See* N.D. Tex. L. Civ. R. 56.7.  Cross-motions for summary judgment shall not, except in extraordinary circumstances, be permitted to be filed after the dispositive-motion deadline.

Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer.  If a dispositive motion becomes moot for any reason, such as the filing of an amended complaint or settlement, the moving party must notify the Court immediately.

- 9 -

15.     **Mediation:**  The Court leaves to the parties whether to engage in mediation. Any mediation must, however, be completed by **February 15, 2027**.

16.     **Modification of Scheduling Order:**  This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court.  Fed. R. Civ. P. 16(b)(4).  Conclusory statements will not suffice to show good cause, even if the motion is agreed or unopposed.

17.     **Compliance with this Order:**  Counsel and the parties are expected to comply fully with this Order.  Failure to comply will cause the Court to consider the entire range of sanctions available.

18.     **Requested correction or modification:** The parties are expected to review this scheduling order promptly and submit any perceived correction or requested modification within seven days of the entry of this order.

    **SO ORDERED** on May 22, 2026.


_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE