IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS AND ELECTRONICS, INC., | § | |
| Plaintiff, | § | |
| | § | No. 3:26-CV-1416-L-BW |
| v. | § | |
| | § | |
| APKUDO, INC., | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## PROTECTIVE ORDER FOR DISCOVERY

### NOTICE REGARDING SEALING OF JUDICIAL RECORDS

This Protective Order governs the exchange of information during discovery. It does not authorize the automatic sealing of documents filed with the Court. Information exchanged during discovery may be protected from disclosure to non-parties upon a showing of "good cause" under Fed. R. Civ. P. 26(c).

Information filed with the Court is subject to the public's constitutional and common law right of access. Sealing judicial records requires a stricter balancing test, document-by-document analysis, and specific findings by the Court. Information that is publicly available, including published patents, public court records, news articles, government filings, and information on public websites, cannot be sealed.

[1] United States District Judge Sam A. Lindsay referred this case to the undersigned magistrate judge for pretrial managements under 28 U.S.C. § 636(b). (Dkt. No. 23.)

**Filing Confidential Information:** Parties seeking to file information designated under this Protective Order must follow the procedures in Miscellaneous Order No. 62, Section 2-2A, and either file a (1) motion to seal that meets the heightened standard for sealing judicial records if filing a party's own designated material; or (2) Notice of Provisional Sealing if filing another party's or a non-party's designated material.

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected by this Order during discovery includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other documents or things produced or given during discovery, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. This Protective Order does not govern the sealing of documents filed with the Court; such filings are governed by Miscellaneous Order No. 62, Sections 2-2 and 2-2A through 2-2B.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade-secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter, and (c) the "Confidential – Source Code" designation means Confidential Attorney Eyes Only Information comprising computer source code and associated comments and revision histories, make and build files, object code, and other files or documentation that describe in detail the algorithms or structure of software or hardware designs, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means. Confidential Information, Confidential Attorney Eyes Only Information, and Confidential – Source Code Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been

disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing Confidential – Source Code Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL – SOURCE CODE**
**SUBJECT TO PROTECTIVE ORDER**

If it is not possible to affix the foregoing legend on the Confidential – Source Code Information because of the means and manner in which it is produced, including if it is produced in native format via GitHub access, it shall be sufficient for

designating party to indicate in writing that the source code is designated as Confidential – Source Code and the receiving party shall treat it accordingly.

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether any portion of the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation. Additionally, nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s),

which pages shall instead be destroyed and certified as such to the producing Party.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, and after the conference required under Local Rule 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7. Subject to paragraph 10 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure;

(b) two (2) in-house counsel for the receiving party who are identified as such in writing to counsel for the designating party in advance of the disclosure;

(c) outside counsel for the receiving party;

(d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data-entry clerks, legal clerks, and private photocopying and litigation support services;

(e) experts or consultants; and

(f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative-exhibit preparation, or the creation of any computer database from documents.

8. Subject to paragraph 10 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) outside counsel for the receiving party;

(b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data-entry clerks, legal clerks, private photocopying and litigation support services;

(c) experts or consultants; and

(d) those individuals designated in paragraph 12(c).

**Source Code.**

9A. Confidential – Source Code Information may be disclosed only to the individuals identified in paragraphs 8(a) through (c) above, to the presiding judge and supporting court personnel, and to court reporters, videographers, and interpreters engaged for this action, and then only as provided in paragraphs 9B through 9C. In-house counsel and employees of the receiving party may not be given access to Confidential – Source Code Information. No individual may access Confidential – Source Code Information until that individual has complied with paragraph 9, where applicable.

9B. For protected material designated Confidential – Source Code Information, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Any requests for prints will be formatted using Adobe by the Receiving Party and placed in dated folders on the Source Code computer for collection and production by the Producing Party following the last day of the review. Additionally, except as provided in paragraphs below the stand-alone computer may only be located at the offices of the producing Party's outside counsel or its vendors.

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently

and effectively conduct the prosecution or defense of this Action.

(c) The Receiving Party shall provide at least five (5) business days' notice for the Receiving Party's first request to access the Secure Room, and three (3) business days' notice for subsequent requests to access the Secure Room. No electronic devices are permitted in the Secure Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, tablets, smartwatches, cameras, voice recorders, telephone jacks or other hardware. Handwritten notes relating to the source code may be taken only in spiral or otherwise permanently bound notebooks. However, the source code may not be copied into notes taken by the Receiving Party or a representative thereof. Notwithstanding this provision, file name and location (i.e., directory path), as well as names of functions, data structures, or the like, may be copied into notes taken by the Receiving Party or a representative thereof. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review, but only to ensure that no unauthorized electronic records of the source code and no information concerning the source code are being transmitted in violation of these restrictions.

(d) The source code computers shall include reasonable analysis tools appropriate for viewing and searching the type of source code made available for inspection. The Receiving Party may request a list of source code files and their file types to assist in determining what licensed software tools it wishes to have installed and available for use on the source code computers. At least seven (7) business days in advance of the date upon which the Receiving Party wishes to use the source code computer, the Receiving Party shall identify the licensed software tools it wishes to have installed and available for use on the source code computers, and provide a properly licensed copy of the software it requests to be installed. Any costs associated with acquiring licenses to request software tools shall be borne by the Receiving Party. In the event that there are issues concerning the installation or use of such tool, the Parties, and their technical staff, shall meet and confer promptly to resolve such issues.

(e) The Producing Party will collect any electronically printed versions of the source code created in Adobe, and Bates number, copy, and label them "**CONFIDENTIAL – SOURCE CODE SUBJECT TO PROTECTIVE ORDER**" Within seven (7) business days, the

Producing Party must either (a) deliver 1 set of such pages to one office of the Receiving Party's Counsel of Record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose, A reasonable request will be presumed to extend for no more than 25 contiguous pages and for no more than 1000 total printed pages. These limits may be increased by agreement of the Parties or on a showing of need.

(f) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

(g) To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as **CONFIDENTIAL – SOURCE CODE SUBJECT TO PROTECTIVE ORDER** or (2) those pages containing quoted Source Code Material will be separately stamped and treated as **CONFIDENTIAL – SOURCE CODE SUBJECT TO PROTECTIVE ORDER**.

(h) No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically. Receiving Party shall provide 24 hours' notice of this request.

(i) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, which shall presumptively be a total of five (5), all of which shall be designated and clearly labeled "**CONFIDENTIAL – SOURCE CODE SUBJECT TO PROTECTIVE ORDER**," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(j) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated

with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(k) A producing Party's Source Code Material may only be transported on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

9C. Any pleading, motion, brief, exhibit, expert report, deposition transcript, or other document that quotes, paraphrases, or reproduces any portion of source code shall be designated Confidential – Source Code Information, shall include only those portions reasonably necessary, and shall be filed under seal in accordance with paragraph 14 and Miscellaneous Order No. 62, Section 2-2A.

10. Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may file a motion to

resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

11. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the person is the designating party, or is a director, officer, employee, consultant, or agent of the designating party; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may otherwise be made under and who are bound by this Protective Order, may be present during the disclosure or discussion of the Confidential Information or Confidential Attorney Eyes Only Information. Disclosure of material pursuant to

this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Nonparty Information.**

13. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

14. If any party wishes to submit Confidential Information or Confidential Attorney Eyes Only Information to the Court, the submission must be filed using the Sealed and/or Ex Parte Motion event. The word "Sealed" must appear in the title or caption of any document intended for filing under seal (and any proposed order you believe should be filed under seal if entered by the judge).

15. Producing or receiving Confidential Information or Confidential Attorney Eyes Only Information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information or Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of

discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

17. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be

subject to a motion to disclose another party's information designated Confidential Information or Confidential Attorney Eyes Only Information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

18. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

19. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**SO ORDERED** on August 11, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**AGREED AS TO FORM AND CONTENT:**

/s/David M. Hoffman
David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
111 Congress Avenue, Suite 2000
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935
Ahmed J. Davis
DC Bar No. 472321
davis@fr.com
1000 Maine Avenue, SW
Washington, DC 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

Lance E. Wyatt
Texas Bar No. 24093397
wyatt@fr.com
Riley J. Green
Texas Bar No. 24131352
rgreen@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

**Attorneys for Plaintiff FedEx Supply Chain Logistics and Electronics, Inc.**

/s/ Eliyahu Ness
Eliyahu Ness
Texas Bar No. 24119651
David Gamble
Texas Bar No. 24040946
3232 McKinney Ave., Ste 500
Dallas, TX 75204
Telephone: (469) 31901355
eness@nesslegal.com
dgamble@nesslegal.com

John Fargo
Shaun Gregory
Craig Hallacher
(All admitted *PHV)*
333 SE 2nd Ave
Suite 2000
Miami, FL 33131
(305) 359-7401
jfargo@nesslegal.com
sgregory@nesslegal.com
challacher@nesslegal.com

**Attorneys for Defendant Apkudo, Inc.**

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I, ______________________________, declare and state as follows:

1. My present residential address is

   ________________________________________________.

2. My present employer is ______________________ and the address of my present employer is ________________________________________________.

3. My present occupation or job description is

   ________________________________________________.

4. I have received a copy of the Protective Order for Discovery (the "Protective Order") entered in FedEx Supply Chain Logistics and Electronics, Inc. v. Apkudo, Inc., Case No. 3:26-cv-01416-L-BW, pending in the United States District Court for the Northern District of Texas, Dallas Division.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information or Confidential Attorney Eyes Only Information that is disclosed to me.

7. Promptly upon termination of this action, I will return or destroy all documents and things containing Confidential Information or Confidential Attorney Eyes Only Information that came into my possession, and all documents and things

that I have prepared relating thereto, to outside counsel for the party by whom I am employed or retained.

8. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Texas for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue that might otherwise be available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________ (date).

________________________________________
Signature

________________________________________
Printed Name

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT**
**(THIRD-PARTY VENDOR)**

The undersigned, on behalf of ___________________________ (the "Vendor"), a third-party vendor engaged to furnish services in connection with the above-captioned action, declares and agrees as follows:

1. The Vendor has received a copy of the Protective Order for Discovery (the "Protective Order") entered in FedEx Supply Chain Logistics and Electronics, Inc. v. Apkudo, Inc., Case No. 3:26-cv-01416-L-BW, pending in the United States District Court for the Northern District of Texas, Dallas Division.

2. The Vendor has read and understands the provisions of the Protective Order and agrees to comply with, and to be bound by, all of its terms.

3. The Vendor will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the services it has been engaged to provide in this action, any Confidential Information or Confidential Attorney Eyes Only Information to which it is given access.

4. The Vendor will ensure that each of its officers, employees, and agents who is given access to Confidential Information or Confidential Attorney Eyes Only Information is informed of, and agrees to be bound by, the terms of the Protective Order.

5. Promptly upon completion of the services or termination of this action, whichever is earlier, the Vendor will return or destroy all materials containing

Confidential Information or Confidential Attorney Eyes Only Information in its possession, custody, or control, together with all copies and derivative materials.

6. The Vendor submits to the jurisdiction of the United States District Court for the Northern District of Texas for the purpose of enforcement of the Protective Order.

Executed on ____________________ (date).

________________________________________
Signature

Name: ______________________________
Title: _______________________________
Vendor: ____________________________